UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | No. 2:14-cv-01639-MCE (BK) |
| BRANTLEY JUSTIN GARRETT and ERIN EILEEN GARRETT, | **ORDER** |
| Debtors. | |
| ———————————————— | Adv. Pro. No. 12—02719-B |
| JAMES DAILY AND KATHARINE DAILY, | Case No. 12-36599-B-7 (Chapter 7) |
| Plaintiffs. | |
| v. | |
| BRANTLEY JUSTIN GARRETT, | |
| Defendant. | |
| ———————————————— | |
| BRANTLEY JUSTIN GARRETT, | |
| Cross-Complainant, | |
| v. | |
| BEACH & O'NEILL INSURANCE ASSOCIATES, INC., | |
| Cross-Defendant. | |

1

Pending before the Court is a motion for summary judgment filed by Cross Defendant Beach & O'Neill Insurance Associates, Inc. ("Beach") with respect to a cross-claim (and non-core proceeding) filed against Beach by Brantley Justin Garrett ("Garrett"). Garrett filed that cross-claim against Beach, his former insurance broker, on grounds that Beach failed to obtain liability insurance adequate to protect Garrett, a general contractor, against claims brought by James Daily and Katharine Daily ("the Dailys").  Those claims resulted from Garrett's construction of the Dailys' new single family home located at 10233 Sunrise Vista, Auburn, California in 2008 and 2009. According to the Dailys, Garrett falsely and fraudulently represented to them that he possessed the experience, skill, available personnel, liability insurance, and workers compensation insurance necessary to construct their home.

On September 13, 2012, Garrett and his wife, Erin Eileen Garrett, instituted bankruptcy proceedings by jointly filing a voluntary petition under Chapter 7.  On December 18, 2012, the Dailys timely commenced an adversary proceeding against Garrett seeking a determination that Garrett owed a non-dischargeable debt to them in a sum not less than $190,000.  Garrett subsequently filed the instant cross-claim against Beach on January 24, 2013.  That cross-claim alleged causes of action for negligence, breach of fiduciary duty, and equitable indemnity.

Two separate motions to dismiss brought by Beach resulted in the elimination of the negligence and equitable indemnity claims, leaving only a single cause of action for breach of fiduciary duty remaining.  Because the parent bankruptcy case has been fully administered, with the Chapter 7 debtor receiving a discharge on January 7, 2013, the case is now open solely because of the Dailys' pending adversary proceeding and Garrett's related cross-claim against Beach.  As indicated above, Beach has filed a motion for summary judgment.  Adv. Dkt. 11.  On July 11, 2014, the Bankruptcy Court filed a Report and Recommendation (ECF No. 1, "Recommendation")  in accordance with 28 U.S.C. § 157(c)(1) and Federal Rule of Bankruptcy Procedure 7052.

///

The Recommendation recounts the procedural history and factual background of this matter, and ultimately concludes that because the gravamen of Garrett's breach of fiduciary duty claim against Beach actually sounds in professional negligence, the two-year statute of limitation for professional negligence applies and bars the claim as untimely pursuant to California Code of Civil Procedure section 339.

After conducting a de novo review, which included both Beach's objections and Garrett's objections (ECF Nos. 2, 3), the Court finds that the Recommendation is based on an accurate summary of the case and sound analysis.  Accordingly, IT IS HEREBY ORDERED that:

1. The Bankruptcy Court's Recommendation (ECF No. 1) is ADOPTED IN FULL;

2. Cross-Defendant Beach's Motion for Summary Judgment against Defendant and Cross-Complainant Garrett is GRANTED.

IT IS SO ORDERED.

Dated:  October 5, 2015

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT